IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD MOTTON, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ) <br> KATHLEEN ALLISON, Warden, ) <br> ) <br> Respondent. ) <br> ) | No. C 10-3804 CRB (PR) <br><br> ORDER OF DISMISSAL |

      Petitioner, a state prisoner incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California, has filed a pro se amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a 1986 second degree murder conviction from Alameda County Superior Court.

      The sole claim petitioner raises in his operative petition (docket # 12) is that the murder weapon should have been suppressed under the Fourth Amendment. In support, he alludes to the Supreme Court's statement in <u>Katz v. United States</u>, 389 U.S. 347, 351 (1967), that "the Fourth Amendment protects people, not places." Petitioner's claim is not cognizable under § 2254 and must be dismissed.

Petitioner's claim is barred by Stone v. Powell, 428 U.S. 465, 481-82, 494 (1976), which bars federal habeas review of Fourth Amendment claims unless the state did not provide an opportunity for full and fair litigation of those claims.  Here, even if the state courts' determination of petitioner's Fourth Amendment claim is improper, it cannot be remedied in federal habeas because petitioner was provided a full and fair opportunity to litigate the issues in the state courts.  See Locks v. Sumner, 703 F.2d 403, 408 (9th Cir. 1983).

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED.

The clerk shall enter judgment in favor of respondent, terminate all pending motions as moot, and close the file.

DATED:  October 20, 2011

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.10\Motton, E.10-3804.dismissal.wpd